## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

**DEUTSCHE BANK NATIONAL**
**TRUST CO.,**

        **Plaintiff,**

**v.**                              **Civil Action No. 3:12-CV-05171-M-BK**

**SHARON SIMS and OCCUPANTS**
**OF 707 STEEGER DRIVE,**

        **Defendants.**

### MEMORANDUM OPINION AND ORDER

Before the Court is the *Motion for Temporary Restraining Order and Application for Temporary Injunction* (Doc. 5), filed by Defendant Sharon Sims, and the *Motion for Remand* (Doc. 8), filed by Plaintiff Deutsche Bank National Trust Co.  For the reasons set forth below, *the Motion for Temporary Restraining Order and Application for Temporary Injunction* is **DENIED**, and the *Motion to Remand* is **GRANTED**.

**A.**     **Background**

Plaintiff initiated this action against the *pro se* Defendant in state court for forcible detainer after Plaintiff foreclosed on Defendant's property, but Defendant thereafter refused to vacate the premises.  (Doc. 8-5 at 2-3).  On December 19, 2012, Defendant removed the case to federal court, alleging that federal question and diversity jurisdiction existed.  (Doc. 3 at 2).  As to federal question jurisdiction, Defendant contends that Plaintiff's actions in foreclosing on her home violated her right to due process.  *Id.*  To support diversity jurisdiction, she maintains that she is a citizen of Texas, Plaintiff is a citizen of New York, and the subject real property exceeds the required $75,000.00 amount in controversy.  *Id.*  Plaintiff also seeks a temporary restraining order and an injunction to prevent her forcible eviction from the home.  (Doc. 5).

**B.      Motion to Remand**

On December 20, 2012, Plaintiff filed the instant *Motion to Remand* the case to state court, arguing that because Defendant is a citizen of Texas, the state in which this action was brought, she cannot remove the case to federal court.  (Doc. 8 at 6).  Plaintiff also argues that Defendant has not adequately supported her contention that the amount in controversy requirement is satisfied.  *Id.* at 6-7.

The federal district court has original jurisdiction of all civil actions (1) arising under the Constitution, laws, or treaties of the United States; and (2) where the amount in controversy exceeds $75,000.00 and the parties are citizens of different states.  28 U.S.C. §§ 1331, 1332(a).  In terms of federal question jurisdiction, a private party cannot be sued for purported constitutional violations no matter how wrongful the conduct is alleged to be.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  Thus, Defendant's claim that Plaintiff violated her constitutional rights cannot support federal jurisdiction.

In terms of diversity jurisdiction, a suit originally filed in state court is removable to federal court as long as the defendant is not a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b).  This is commonly known as the "forum-defendant" rule.  *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009).  Once a case is removed to federal court, a plaintiff may move to remand the case to state court within 30 days after the notice of removal is filed.  28 U.S.C. § 1447(c).  Removal statutes are strictly construed in favor of remand and against removal.  *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

In this case, Defendant admits in her notice of removal that she is a citizen of Texas.  (Doc. 3 at 2).  Because Defendant is a citizen of Texas and has removed this case to a district

2

court sitting in Texas, removal was improper under section 1441(b).  Plaintiff timely moved to remand.  28 U.S.C. § 1447(c).  Moreover, this case likely does not satisfy the $75,000.00 amount in controversy requirement because monetary damages in a forcible detainer action are limited to reasonable rent for the period since the foreclosure sale, which Plaintiff does not claim exceeds $75,000.00.  TEX. PROP. CODE § 24.0051 (governing forcible detainer action against a tenant for non-payment of rent and providing that a landlord may sue for physical possession of the premises and unpaid rent); TEX. R. CIV. P. 752 (providing that a party in a forcible detainer action is permitted to recover damages suffered due to the withholding of the premises during the pendency of any appeal and noting that damages include the loss of rental income).

Accordingly, this Court lacks jurisdiction, and Plaintiff's *Motion to Remand* (Doc. 8) should be **GRANTED**.

**C.      Motion for Temporary Restraining Order**

Defendant contends that she will be irrevocably damaged by Plaintiff's denial of her right to maintain the status quo pending resolution of the present dispute, and she has no adequate remedy at law aside from an injunction allowing her to remain in her home.  (Doc. 5 at 3).

The four elements a plaintiff must establish to secure injunctive relief are:  (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the court does not grant the requested relief; (3) that the threatened injury outweighs any harm that will result if the injunction is granted; and (4) the grant of injunctive relief will not disserve the public interest.  *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).  Because the Court lacks jurisdiction for the reasons stated above, Plaintiff cannot establish a likelihood of success on the merits of her case.  Accordingly, the *Motion for a Temporary Restraining Order and Motion for*

*Temporary Injunction* is **DENIED**.

**D.     Conclusion**

For the reasons set forth herein, Defendant's *Motion for Temporary Restraining Order and Application for Temporary Injunction* (Doc. 5) is **DENIED**, and Plaintiff's *Motion to Remand* (Doc. 8) is **GRANTED**.

**SO ORDERED**.

December 21, 2012.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

4